UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James P. K., | No. 23-cv-3883 (KMM/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| Leland Dudek,<br>*Acting Commissioner of Social Security,* | |
| Defendant. | |

Plaintiff James P. K. brought this civil action to appeal the Commissioner of Social Security's denial of his application for disability benefits. Compl., ECF No. 1; Pl.'s Br., ECF No. 10. United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") concluding that Mr. K.'s request for remand should be denied and the Commissioner's decision denying his application for benefits be affirmed. R&R, ECF No. 14. The R&R clearly and precisely sets forth the relevant factual background and it is incorporated by reference. *Id.*

Mr. K. filed timely objections to the R&R. Obj., ECF No. 19. Each of the arguments made in the Objection was previously considered and addressed by the Magistrate Judge in the R&R. After a *de novo* review of the R&R and the record, and because the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence on the record as a whole, the Court overrules Mr. K.'s objections, accepts the R&R, denies Mr. K.'s request for relief, and grants the Commissioner's request that the agency's denial of benefits be affirmed.

## DISCUSSION

I. **Standard of Review**

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

II. **Analysis**

Mr. K. objected to the R&R, arguing that the ALJ (1) did not give proper weight to a medical opinion she found "generally persuasive" when determining Mr. K.'s residual functional capacity ("RFC"); (2) failed to develop the record to support limitations she imposed that are inconsistent with the medical evidence; and (3) that the ALJ's RFC determination fails to include necessary limitations for absenteeism and time off task.

When reviewing a denial of benefits, a court is limited to reviewing whether the decision complied with the law and whether the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Davidson v. Astrue*, 501 F.3d 987, 989 (8th Cir. 2007) ("Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find adequate to support the Commissioner's decision."). A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole." *Myers v. Colvin*, 721 F.3d 521, 524 (8th Cir. 2013) (quoting *Davidson,* 578 F.3d at 841). "[T]he threshold for such evidentiary

sufficiency is not high. . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (citations and internal quotation marks omitted).

Application of this lens requires taking into account both evidence that strengthens and evidence that undermines the ALJ's ruling. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Under the substantial-evidence standard, however, a court may not reverse the ALJ's decision "even if substantial evidence would have supported a contrary decision or even if [it] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). Stated differently, the Court must uphold the ALJ's decision if it is reasonable to derive two inconsistent conclusions, both of which are supported by the evidence. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

Standing alone, an ALJ's failure to adequately explain the rationale or factual finding or to address specific facts in the record does not require a reviewing court to remand if the record as a whole provides substantial evidence for the decision. *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017); *see also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted.").

**A. Dr. Murphy's Medical Opinion**

Mr. K. first argued to the Magistrate Judge that the ALJ's RFC determination was flawed because it failed to include, or to explain the omission of, reaching and handling limitations contained in Dr. Michael Murphy's opinion. ECF No. 10 at 12–14. Judge

Schultz found that, contrary to Mr. K.'s assertions, the opinion built a clear logical bridge between the evidence and M. K.'s handling limitation. R&R at 7. In his objection, Mr. K. reiterates that the ALJ erred in deciding to adopt a greater reaching limitation. Pl.'s Obj. at 2–3.

A claimant's "RFC is a medical question, and an ALJ's findings must be supported by some medical evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Medical opinions and prior administrative medical findings are not automatically given deference or controlling weight. 20 C.F.R. § 404.1520c(a). Instead, the persuasiveness of medical opinions is evaluated using five factors: (1) supportability, (2) consistency with the evidence, (3) relationship of the medical provider to the claimant, (4) specialization of the provider, and (5) other relevant factors. 20 C.F.R. § 404.1520c(c). The Court agrees with the R&R that while the ALJ's reaching limitation contains somewhat of an internal inconsistency, it does not require remand. R&R at 9.

The ALJ found Dr. Murphy's recommendation—precluding Mr. K. from ever reaching above shoulder level—"generally persuasive," insofar as it "supports Claimant's testimony of being able to reach in front but with difficulty reaching above shoulder level and overhead." Admin Rec. at 28–29, ECF No. 8. The ALJ also considered the opinions of medical examiners Mendoca and Salmi, who recommended "frequent" and "occasional" reaching, respectively, and found these opinions "not persuasive." *Id.* at 28. In spite of these varied recommendations, the ALJ ultimately adopted an RFC that limited Mr. K. to

4

"occasional overhead reaching bilaterally." This was consistent with Dr. Salmi's opinion, which she had found unpersuasive, rather than Dr. Murphy's opinion. *Id.* at 21–22.

This seeming inconsistency might not even be fairly characterized as error, but as Judge Schultz explained, even if it was, it was harmless. R&R at 9. *See Webb v. Kijakazi*, 3:22-CV-00197-JTK, 2023 WL 4679341, at *4 (E.D. Ark. July 20, 2023) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) ("An error is harmless when the claimant fails to provide some indication that the ALJ would have decided differently if the error had not occurred.") (internal quotation omitted)). "[A]n 'arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome.'" *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (quoting *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987). Here, the ALJ asked the vocational expert whether an individual could perform Mr. K.'s previous job even if he could never reach overhead; although the ALJ ultimately found that Mr. K. can reach overhead occasionally, the inquiry demonstrates that the ALJ recognized the tension on this issue between the medical opinions. More critically, whether the RFC precluded Mr. K. from ever reaching overhead or simply imposed an occasional reaching limitation, the record is clear that Mr. K. could perform his past relevant work in either circumstance and would not meet the definition of disabled. *See, e.g.*, *Asher v. Astrue*, No. 11-3166-CV-S-ODS, 2012 WL 287394, at *2 (W.D. Mo. Jan. 31, 2012) (determining that an ALJ's omission of postural limitations from the RFC was a harmless error because the limitations "would not have changed that ALJ's determination that Plaintiff could return to his past

5

work" even if said limitations had been included); *Foster v. Kijakazi*, 20-CV-2058-LRR, 2022 WL 412729, at *26 (N.D. Iowa Jan. 25, 2022), *report and recommendation adopted sub nom. Foster v. Comm'r of Soc. Sec.*, 20-CV-2058-LRR, 2022 WL 407381 (N.D. Iowa Feb. 9, 2022) ("Even if the ALJ erred . . . he nevertheless identified jobs that a person with those limitations could perform, and any error in failing to include a limitation . . . is therefore harmless.") (internal quotation marks omitted). In his Objection, Mr. K. offers no analysis to counter the harmless error conclusion reached by Judge Schultz. Therefore, such an error does not require remand.

### B. ALJ's Duty to Develop the Record

Next, Mr. K. asserts that the ALJ's failure to develop the record and assessment of upper-extremity limitations are not supported by medical evidence. Pl. Br. at 14–17. However, Judge Schultz found that the ALJ was not required to further develop the record or explain it regarding possible handling and reaching limitations. R&R at 10. As it relates to handling, the ALJ's RFC determination is clearly supported by medical evidence, and further development was not necessary. *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam) (explaining that "some medical evidence" must support the determination of the claimant's RFC). Indeed, Judge Schultz cited and discussed specific medical records that supported the ALJ's conclusions. R&R at 10–11. Mr. K. points to no missing records or gaps in the information before the ALJ that would necessitate further development. Moreover, the ALJ had no duty to further develop the record in this instance because, as mentioned, the vocational expert testified that Mr. K. could do his past relevant work even

if he could never reach overhead. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (duty to fully develop the record "arises only if a crucial issue is undeveloped"). The record was adequately developed and discussed given the context of the reaching issue. Therefore, Mr. K.'s objection is overruled.

### C. Time Off Task and Absenteeism

Finally, Mr. K. asserts that the R&R erred in finding that the ALJ properly omitted limitations for time off tasks due to dizziness, vertigo, and shoulder pain. Obj. at 6–8. Judge Schultz found that limitations for absenteeism and being off task were not required because Mr. K. has not provided medical evidence supporting those constraints. R&R at 12–13. The Court agrees.

In his objection, Mr. K. asserts that he did in fact present medical evidence to support his claim of disability, and the R&R improperly raised his burden by requiring him to present medical evidence of specific work-related functional limitations resulting from his medically determinable impairments. In addition, Mr. K. argues that the R&R misstated the ALJ's findings by asserting that "the ALJ found 'no limitation in the claimant's ability to concentrate, persist, or maintain pace,'" ECF No. 14 at 13, given that the ALJ's findings stated that "the claimant has mild limitation" in the area of concentrating, persisting, or maintaining pace. (Tr. 18; Pl. Br. at 19).

As stated by the Magistrate Judge, the Court must uphold the Commissioner's decision if it is supported by substantial evidence in the record as a whole and is not based on legal error. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018). Mr. K. raised

7

the issues of handling, absenteeism, and time-off-task limitations. The R&R rejected these arguments based on a review of the record and relevant case law. R&R at 12–13. The Court's *de novo* review demonstrates that the R&R's analysis of these issues was correct. And any slight misstatement by Judge Schultz summarizing the ALJ's findings about concentration, persistence, and pace do not undermine his overall assessment of the ALJ's conclusions. Based on the Court's *de novo* review of the record, the Court finds no basis to disagree with the R&R.

## ORDER

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that**:

1. Mr. K.'s Objection to the R&R [ECF No. 19] is **OVERRULED**;

2. The Magistrate Judge's R&R [ECF No. 14] is **ACCEPTED**;

3. Mr. K's request to reverse the Commissioner's decision [ECF No. 10] is **DENIED**; and

4. Commissioner's request to affirm the decision to deny Mr. K.'s claim for benefits [ECF No. 12] is **GRANTED**. The Commissioner's denial of benefits is **AFFIRMED**.

5. This matter is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: March 26, 2025                                     *s/Katherine Menendez*
                                                                            Katherine Menendez
                                                                            United States District Judge